**JONES v. HORTON & HORTON, Inc., et al.**
**No. 8611.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 14, 1938.

John C. Dawson, of Houston, Tex., for appellant.

M. S. McCorquodale and Escar R. Wren, both of Houston, Tex., for appellee.

Before SIBLEY and HUTCHESON, Circuit Judges, and DEAVER, District Judge.

HUTCHESON, Circuit Judge.

Appellant, a shipbuilder and repairer, libeled the barge Oriole to enforce maritime liens, one for $188.33, for storing, preserving and protecting her, and one for $3794.98 for necessary repairs on her, and a non-maritime chattel mortgage for $551.

Appellee intervened to foreclose against the barge a non-maritime chattel mortgage for $7760.78, and to contest as to its mortgage, both the existence and the priority of appellant's claimed lien for repairs.

Its existence was contested on the ground (1) that made in the barge's home port, the making of the repairs raised no maritime lien; (2) that they were not made on the credit of the vessel; (3) that if the lien was raised, it was waived by appellant's taking possession of the barge, and agreeing to be paid out of its use; (4) that having agreed in appellee's mortgage that "the mortgagor will not use, or lease, or charter or allow any one else to use the above described barge in any way except after first securing the written consent of the mortgagee herein" Mrs. Griffin, the

owner of the barge under whose orders the repairs were made, was without authority to charge the barge for them.

Its priority was contested on the claimed equitable grounds that, appellant knew of the existence of the mortgage, and was charged with knowledge of the clause in question, and being so charged, his claim against the barge was, in equity, subordinated to appellee's mortgage.

The facts were testified to without dispute. They showed that Mrs. Griffin, having become quite heavily indebted to appellee, was induced to mortgage the barge to it. That being out of active use it was tied up at appellant's wharf under an agreement between Mrs. Griffin and appellant that he would look after it for $25 a month. That a considerable bill having been run up for this service, she and appellant agreed that he would make the necessary repairs on the barge and fit it for service, and when repaired would use it at a rental of $150 per month, the rental to be applied on the indebtedness. That appellant knew of the existence of appellee's mortgage, but he had not read it and did not know that it contained the clause on which appellee here relies. That the repairs were necessary and that the sums charged by appellant therefor were reasonable.

On findings of fact substantially to this effect the District Judge concluded; that libellant had a maritime lien as caretaker, for the $188.33 sued for, and that he had such a lien for $3794.98 for the repairs on the barge; that the lien as caretaker primed appellee's mortgage, because these services were for the benefit of all persons interested in her, including intervenor, and the intervenor knew that libellant was in possession of the barge; but that because libellant knew of the mortgage, and by the slightest inquiry could have found what its provisions were, it would be inequitable to permit his lien for repairs to prime the mortgage. This appeal is from his decree subordinating the maritime lien for repairs to appellee's non-maritime mortgage.

Here appellant insisting that a maritime lien primes existing mortgages except those registered under the Ship Mortgage Act; that appellee's is not such a mortgage, and that his lien was wrongfully subordinated to it, urges a reversal of the decree.

Appellee, contending rather feebly that the Oriole is not a vessel within Sec. 971, 46 U.S.C.A., and more vigorously that if it is, the facts show a waiver of lien, places its main reliance upon the finding of the District Judge, that upon equitable considerations appellant's lien for repairs must be subordinated to appellee's prior mortgage.

We think that appellant has the right of it. It is not claimed that appellant's mortgage comes under or is protected by the Ship Mortgage Act.[1] This being so, if, as the District Judge found, appellant has a maritime lien for repairs, it cannot be subordinated to the mortgage, upon any considerations, equitable or otherwise. I R. C.L. Sec. 58, p. 459; The Buckhannon, 2 Cir., 299 F. 519; The J. E. Rumbell, 148 U.S. 1, 13 S.Ct. 498, 37 L.Ed. 345; The Easby, D.C., 201 F. 585; The Bergen, 9 Cir., 64 F.2d 877; Porobilo v. Taliancich, 5 Cir., 89 F.2d 341; Morse Drydock & Repair Co. v. Northern Star, 271 U.S. 552, 46 S.Ct. 589, 70 L.Ed. 1082.

That the District Judge was right in concluding that appellant had a maritime lien for repairs, does not, we think, admit of question. The evidence is uncontradicted; that the repairs were furnished to the barge on the authority of the owner; that they were necessary and that the charges therefor were reasonable. Nothing in the mortgage prevents, or purports to prevent, the mortgagor from making necessary repairs upon the barge. Nothing in it prevents or purports to prevent, a shipbuilder or repairer, from obtaining a lien for necessary repairs. If the provision has any effect, it is that alone of a personal covenant between mortgagor and mortgagee, for the breach of which the mortgagee might have an action against the mortgagor. Certainly the clause does not operate at all to convert a mortgage lien into ownership. A mortgage in Texas, no matter what the form of the papers by which it is given, only gives a lien, conveys no title. In Texas once a mortgage, always a mortgage. The provision in the mortgage was not intended to deprive the mortgagor of title. If it had been so intended, it could not have done so.

In awarding appellant a maritime lien the decree was right. In postponing it to appellee's mortgage lien, it was wrong. It will be reformed to award appellant priority.

Reformed and affirmed.

---

[1] Sec. 30, Merchant Marine Act of 1920, Chap. 25, Title 46, U.S.C.A. § 911 et seq.